1  MARGARET A. MCLETCHIE, ESQ., Bar # 10931
   LANGFORD MCLETCHIE LLC
2  616 S. Eighth Street
   Las Vegas, NV 89101
3  Telephone:   702.471.6565
   Fax No.:       702.471.6540
4  maggie@nvlitigation.com
   Attorney for Plaintiff Lidia G. Jablonski
5
   ROGER L. GRANDGENETT II, ESQ., Bar # 6323
6  LITTLER MENDELSON, P.C.
   3960 Howard Hughes Parkway, Suite 300
7  Las Vegas, NV  89169-5937
   Telephone:     702.862.8800
8  Fax No.:       702.862.8811

9  JAMIE CHU, ESQ., Bar # 10546
   LITTLER MENDELSON, P.C.
10 2050 Main Street, Suite 000
   Irvine, CA  92614
11 Telephone:     949.705.3000
   Fax No.:       949.724.1201
12
   Attorneys for Defendant
13 WAL-MART STORES, INC.

14
15                **UNITED STATES DISTRICT COURT**

16                      **DISTRICT OF NEVADA**

17
18 LIDIA G. JABLONSKI,                 **Case No. 2:13-cv-01510-JAD-VCF**

19               Plaintiff,

   vs.                                 **STIPULATION FOR PROTECTIVE**
20                                     **ORDER**

21 WAL-MART STORES, INC.,

22               Defendant.

23        Plaintiff Lidia G. Jablonski ("Plaintiff") and Defendant Wal-Mart Stores, Inc. ("Defendant")

24 by their respective counsel, hereby stipulate and request that the Court enter a mutual protective

25 order pursuant to Rule 26 of the Federal Rules of Civil Procedures (FRCP), as follows:

26        WHEREAS, the parties in the above-captioned matter have agreed that these proceedings

27 may involve the discovery and use of confidential, non-public, sensitive, or proprietary business,

28 employment, tax, financial, and personally identifiable information, documents and other materials;

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

WHEREAS, the parties have agreed to produce such documents only on the agreement that such "Confidential Information" including information regarding current and former Wal-Mart Stores, Inc. employees' social security information, dates of birth, personal banking information, medical information, and records stating the actual rates of pay at Wal-Mart Stores, Inc., and corporate trade secrets, nonpublic research and development data, pricing formulas, prospective inventory management programs, confidential business information not generally known to the general public, and customer-related information, will be disclosed only as provided herein;

WHEREAS, the parties have agreed to stipulate to protect certain confidential and otherwise protected documents, data (including electronically stored information) and other information, including without limitation, metadata (collectively "Documents"), against claims of waiver and inadvertent production in the event they are produced during the course of this litigation whether pursuant to a court order, a parties' discovery request, or informal production.

WHEREAS, both parties may be required to produce large volumes of Documents, the parties wish to comply with discovery deadlines and complete discovery as expeditiously as possible, while preserving and without waiving any evidentiary protections or privileges applicable to the information contained in the Documents produced, including as against third parties and other proceedings, and in addition to their agreement, need the additional protections of a Court Order under FRE 502 (d) and (e) to do so.

WHEREAS, because the purpose of this Stipulation is to protect and preserve Confidential Information and privileged documents, the parties agree they are bound as follows from and after the date their counsel have signed it, even if such execution occurs prior to Court approval.

THEREFORE, the parties seek the entry of an Order, pursuant to Federal Rule of Civil Procedure 26(c) governing the production and disclosure of documents and information therein pertaining to "Confidential Information" on the terms set forth herein, as well as an Order governing the return of inadvertently produced documents and data and affording them the protections of FRE 502 (d) and (e), on the terms set forth herein.

/ / /

/ / /

2.

**IT IS HEREBY STIPULATED AND AGREED THAT:**

1.    The Protective Order shall be entered pursuant to the Federal Rules of Civil Procedure and FRE 502 (d) and (e).

2.    The Protective Order shall govern all materials deemed to be "Confidential Information."  While the parties do not hereby agree to the production of any specific document or category of documents, or that any specific document or category of documents merits legal protection from disclosure, and Plaintiff reserves the right to contest a designation of a document or other material as "Confidential," such Confidential Information may include the following:

(a)    Any and all documents referring or related to confidential and proprietary human resources or business information; financial records of the parties; compensation of Defendant's current or former personnel; policies, procedures or training materials of  Defendant; or Defendant's organizational structure;

(b)    Any documents from the personnel, medical or workers' compensation file of any current or former employee or contractor;

(c)    Any documents relating to the medical or health information of any of Defendant's current or former employees or contractors;

(d)    Any documents containing corporate trade secrets, nonpublic research and development data, pricing formulas, prospective inventory management programs, confidential business information not generally known to the general public, and customer-related information; and

(e)    Any portions of depositions (audio or video) where Confidential Information is disclosed or used as exhibits.

Plaintiff also reserves the right to produce her own medical, financial, and personnel information without designating it as "Confidential."

3.    In the case of documents and the information contained therein, designation of Confidential Information produced shall be made by placing the following legend on the face of the document and each page so designated "CONFIDENTIAL" in a manner which will not interfere with the legibility of the document and which will permit complete removal of the

3.

"CONFIDENTIAL" designation. A Confidentiality Log must accompany any production of Protected Material that includes the Bates numbers of the documents designated (or the portions thereof) as "CONFIDENTIAL" and the basis for doing so. Documents shall be designated "CONFIDENTIAL" prior to, or contemporaneously with, the production or disclosure of the documents. A certification by the reviewing attorney shall be made concurrently with the disclosure of the document using the form attached hereto as Exhibit A which shall be executed subject to the standards of Rule 11 of the Federal Rules of Civil Procedure, and shall be accompanied by a Confidentiality Log in the form included at Exhibit A.  If an unrepresented Non-party is a Producing Party and designates documents as CONFIDENTIAL, a certification need not be executed but a Confidentiality Log of all confidential designations still must be provided.

A Designating Party must exercise restraint and make good faith efforts to limit CONFIDENTIAL designations to specific materials that qualify for protection under the appropriate legal standard. Further, a Designating Party must use good faith efforts to designate for protection only those parts of material, documents, items, or communications that qualify – so that other portions of the materials, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. If only a portion or portions of materials on a page or within a document merit protection, a Producing Party must so indicate by making appropriate markings in the margins but not over text. The accompanying log should clearly explain which portion is designated as CONFIDENTIAL. (A Receiving Party may redact the document to allow for disclosure of the document without the CONFIDENTIAL portions.)

Portions of depositions shall be deemed CONFIDENTIAL only if designated as such when the deposition is taken or within seven business days after receipt of the transcript. Such designation shall be specific as to the portions to be protected and, if made by a Party, shall be accompanied with a certification and log on the form attached hereto as Exhibit A. A Designating Party must exercise restraint and make good faith efforts to limit "CONFIDENTIAL" designations to specific materials that qualify for protection under the appropriate standards.

Inadvertent or unintentional production of Protected Material without prior designation as "CONFIDENTIAL" shall not be deemed a waiver, in whole or in part, of the right to designate

documents as Protected Material as otherwise allowed by this Order. Further, a Party may assert that disclosures or discovery material produced by another Party constitute Protected Material by informing the opposing Party by following the procedures set forth herein for a Designated Party.

    4.    The following definitions shall apply to this order:

    (a)    Party: any party to this action and attorney(s) of record for a Party in this action (including their associates, paralegals, and support/ clerical staff).

    (b)    Non-party: any individual, corporation, association, or natural person or entity other than a party.

    (c)    Protected Material: any disclosure or discovery material that is designated by a Party or Non-party as "CONFIDENTIAL," unless the Receiving Party challenges the confidentiality designation and (a) the Court decides such material is not entitled to protection as confidential; (b) the Designating Party fails to apply the Court for an order designating the material confidential within the time period specified below; or (c) the Designating Party withdraws its confidentiality designation in writing.

    (d)    Producing Party: a Party or Non-party that produces disclosures or discovery material in this action.

    (e)    Receiving Party: a Party that receives disclosures or discovery material from a Producing Party.

    (f)    Designating Party: a Party of Non-party that designates information or items that it produces in disclosures or in responses to discovery as Protected Material. The Party or Non-party designating information or items as Protected Material bears the burden of establishing good cause for the confidentiality of all such items.

    (g)    Challenging Party: a party that elects to initiate a challenge to a Designating Party's confidentiality designation.

    (h)    Confidentiality Log: a Confidentiality Log must accompany any production of documents designated as "CONFIDENTIAL" that includes the Bates numbers of the documents designated (or the portions thereof) as "CONFIDENTIAL" and the basis for doing so. Each Producing Party shall keep this log cumulatively and re-produce it every

5.

5.      Except as required by law or executive order, Confidential Information shall be held in confidence by each qualified recipient to whom it is disclosed, shall be used only for purposes of this action, shall not be used for any business purpose, and shall not be disclosed to any person who is not a qualified recipient.  All produced Confidential Information shall be carefully maintained so as to preclude access by persons who are not qualified recipients.

6.      Qualified recipients shall include only the following:

(a)      In-house counsel and law firms for each party and the secretarial, clerical and paralegal staff of each;

(b)      Deposition notaries and staff;

(c)      Persons other than legal counsel who have been retained or specially employed by a party as an expert witness for purposes of this lawsuit or to perform investigative work or fact research;

(d)      Deponents during the course of their depositions or potential witnesses of this case;

(e)      The parties to this litigation, their officers, and professional employees; and

(f)      Any private mediator or arbitrator appointed by the Court or selected by mutual agreement of the parties and the mediator or arbitrator's secretarial and clerical personnel.

7.      Each counsel shall be responsible for providing notice of the Protective Order and the terms therein to persons to whom they disclose "Confidential Information," as defined by the terms of the Protective Order.

Persons to whom Confidential Information is shown shall be informed of the terms of this Order, advised that its breach may be punished or sanctioned as contempt of the Court, and review the Acknowledgement of Understanding and Agreement to be Bound (Exhibit B).  Such deponents may be shown Confidential Information during their deposition but shall not be permitted to keep copies of said Confidential Information nor any portion of the deposition transcript reflecting the Confidential Information.

8.      Any designation of Protected Material is subject to challenge, irrespective of any description of potential "Confidential Information" contained herein. The following procedures shall

apply to any such challenge:

(a)     The burden of proving the necessity of a "CONFIDENTIAL" designation remains with the party asserting confidentiality.

(b)     A party who contends that Protected Material is not entitled to confidential treatment shall give written notice to the party who affixed the "CONFIDENTIAL" designation of the specific basis for the challenge. The party who so designated the documents shall have ten (10) business days from service of the written notice to determine if the dispute can be resolved without judicial intervention and, if not, to move for an Order confirming the "CONFIDENTIAL" designation, and the status as Protected Material.

(c)     Treatment as Protected Material until order or withdrawal. Notwithstanding any challenge to the designation of documents as such, all material previously designated "CONFIDENTIAL" shall continue to be treated as Protected Material subject to the full protections of this Order until one of the following occurs: (1) the Party who claims that the documents are Protected Material withdraws such designation in writing; (2) the Party who claims that the documents are confidential fails to move timely for an Order designating the documents as confidential as set forth in paragraph 9.b. above; or (3) the Court rules that the documents are not Protected Material and/or should no longer be designated as "CONFIDENTIAL."

(d)     Challenges to the confidentiality of documents may be made at any time and are not waived by the failure to raise the challenge at the time of initial disclosure or designation.

9.     No copies of Confidential Information shall be made except by or on behalf of attorneys of record, in-house counsel or the parties in this action.  Any person making copies of such information shall maintain all copies within their possession or the possession of those entitled to access to such information under the Protective Order.

10.     All information produced in this action, whether deemed Confidential or not, shall be used only for purposes of this litigation and not for any other purpose.

11.     Subject to the Federal Rules of Evidence, Protected Material may be filed with the Court or offered in evidence or hearing or trial of this case. This Order does not seal court records in this case or apply to disclosure of Protected Material at trial. Further, the parties understand that

7.

documents may be filed under seal only with the permission of the Court after proper motion. Further, the fact that documents have been designated as "CONFIDENTIAL" shall not be admissible evidence that the documents in fact contain information entitled to protection from disclosure under the law. However, in the event a Party seeks to file Protected Materials with the Court, the party may either (a) redact any and all information contained on any page that is marked Confidential before filing said document with the Court, (b) if the party wishing to file said writing is the party that originally designated the document as Confidential that party may, at their discretion, redact only that information that it deems Confidential from any page that is marked Confidential before filing with the Court or (c) separately file the document under seal with the Court pursuant to Rule 10-5 of the Local Rules of Practice for the U.S. District Court of Nevada. The Party filing such Protected Materials may assert in the accompanying motion any reasons why the Protected Materials should not, in fact, be kept under seal and the Designating Party, who must be properly noticed, may likewise file a motion asserting its position that the Protected Material merits protection under Rule 26(c) of the Federal Rules of Civil Procedure. In such instances, absent extraordinary circumstances making prior consultation impractical or inappropriate, the Party seeking to submit the Protected Material to the Court shall first consult with counsel for Designating Party. This duty exists irrespective of the duty to consult on the underlying motion.

12.    The termination of this action shall not relieve the parties and persons obligated hereunder from their responsibility to maintain the confidentiality of information designated Confidential pursuant to this Order.

13.    Upon termination of this action by entry of a final judgment (inclusive of any appeals or petitions for review), the parties may request the return of all previously furnished Confidential Information, including any copies thereof, and each person or party to whom such Confidential Information has been furnished or produced shall be obligated to return it within thirty (30) days of said request.

14.    Pursuant to FRE 502 (d) and (e), the parties agree to and the Court orders protection of Privileged Documents against claims of waiver (including as against third parties and in other federal and state proceedings) as follows:

(a)      The disclosure or production of Documents by a Producing Party subject to a legally recognized claim of privilege, including without limitation the attorney-client privilege and the work-product doctrine, to a Receiving Party, shall in no way constitute the voluntary disclosure of such Document.

(b)      The inadvertent disclosure or production of any Document in this action shall not result in the waiver of any privilege as to the Receiving Party or any third parties, and shall not result in any waiver, including subject matter waiver, of any kind.

(c)      If, during the course of this litigation, a party determines that any Document produced by another party is or may reasonably be subject to a legally recognizable privilege ("Protected Document"):

(i)      the Receiving Party shall: (A) refrain from reading the Protected Document any more closely than is necessary to ascertain that it is privileged or otherwise protected from disclosure; (B) immediately notify the Producing Party in writing that it has discovered Documents believed to be privileged or protected; (C) specifically identify the Protected Documents by Bates number range or hash value, and, (D) within ten (10) days of discovery by the Receiving Party, return, sequester, or destroy all copies of such Protected Documents, along with any notes, abstracts or compilations of the content thereof.  To the extent that a Protected Document has been loaded into a litigation review database under the control of the Receiving Party, the Receiving Party shall have all electronic copies of the Protected Document extracted from the database.  Where such Protected Documents cannot be destroyed or separated, they shall not be reviewed, disclosed, or otherwise used by the Receiving Party.  Notwithstanding, the Receiving Party is under no obligation to search or review the Producing Party's Documents to identify potentially privileged or work product Protected Documents.

(ii)      If the Producing Party intends to assert a claim of privilege over Documents identified by the Receiving Party as Protected Documents, the Producing Party will, within ten (10) days of receiving the Receiving Party's written notification described above, inform the Receiving Party of such intention in writing and shall provide the Receiving Party with a log for such Protected Documents that is consistent with the requirements of the Federal Rules of Civil

9.

Procedure, setting forth the basis for the claim of privilege or other protection.  In the event that any portion of a Protected Document does not contain privileged information, the Producing Party shall also provide to the Receiving Party a redacted copy of the document that omits the information that the Producing Party believes is subject to a claim of privilege.

(d)    If, during the course of this litigation, a party determines it has produced a Protected Document:

(i)    The Producing Party may notify the Receiving Party of such inadvertent production in writing, and demand the return of such documents.  Such notice shall be in writing, however, it may be delivered orally on the record at a deposition, promptly followed up in writing.  The Producing Party's written notice will identify the Protected Document inadvertently produced by bates number range or hash value, the privilege claimed, and the basis for the assertion of the privilege and shall provide the Receiving Party with a log for such Protected Documents that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege.  In the event that any portion of the Protected Document does not contain privileged, the Producing Party shall also provide to the Receiving Party a redacted copy of the Document that omits the information that the Producing Party believes is subject to a claim of privilege.

(ii)    The Receiving Party must, within ten (10) days of receiving the Producing Party's written notification described above, return, sequester, or destroy the Protected Document and any copies, along with any notes, abstracts or compilations of the content thereof.  To the extent that a Protected Document has been loaded into a litigation review database under the control of the Receiving Party, the Receiving Party shall have all electronic copies of the Protected Document extracted from the database.

(e)    To the extent that the information contained in a Protected Document has already been used in or described in other documents generated or maintained by the Receiving Party prior to the date of receipt of written notice by the Producing Party as set forth in paragraphs (c)(ii) and (d)(i), then the Receiving Party shall sequester such documents until the claim has been resolved.  If the Receiving Party disclosed the Protected Document before being notified of its

inadvertent production, it must take reasonable steps to retrieve it.

(f)     The Receiving Party's return, sequestering or destruction of Protected Documents as provided herein will not act as a waiver of the Requesting Party's right to move for the production of the returned, sequestered or destroyed documents on the grounds that the documents are not, in fact, subject to a viable claim of privilege.  However, the Receiving Party is prohibited and estopped from arguing that:

(i)     the disclosure or production of the Protected Documents acts as a waiver of an applicable privilege;

(ii)    the disclosure of the Protected Documents was not inadvertent;

(iii)   the Producing Party did not take reasonable steps to prevent the disclosure of the Protected Documents; or

(iv)   the Producing Party failed to take reasonable or timely steps to rectify the error.

(g)     Either party may submit Protected Documents to the Court under seal for a determination of the claim of privilege.  The Producing Party shall preserve the Protected Documents until such claim is resolved.  The Receiving Party may not use the Protected Documents for any purpose absent this Court's Order.

(h)     Upon a determination by the Court that the Protected Documents are protected by the applicable privilege, and if the Protected Documents have been sequestered rather than returned or destroyed by the Receiving Party, the Protected Documents shall be returned or destroyed within 10 (ten) days of the Court's order.  The Court may also order the identification by the Receiving Party of Protected Documents by search terms or other means.

(i)     Nothing contained herein is intended to, or shall serve to limit a party's right to conduct a review of documents, data (including electronically stored information) and other information, including without limitation, metadata, for relevance, responsiveness or the segregation of privileged information before such information is produced to another party.

(j) By operation of the parties' agreement and Court Order, the parties are specifically afforded the protections of FRE 502 (d) and (e).

11.

15.     Subject to the Rules of Evidence, a stamped Confidential document and other Confidential Information may be offered in evidence at trial or any court hearing, provided that the proponent of the evidence gives five days' advance notice to counsel for the party or other person that designated the information as Confidential.  Any party may move the court for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure.  The court will then determine whether the proffered evidence should continue to be treated as Confidential Information and, if so, what protection, if any, may be afforded to such information at the trial.

16.     If another court or an administrative agency subpoenas or orders production of stamped Confidential documents which a party has obtained under the terms of this order, such party shall promptly notify the party or other person who designated the document as Confidential of the pendency of such subpoena or order.

17.     The Protective Order shall likewise govern all materials deemed "Attorneys' Eyes Only", which materials shall include the following: Any documents containing corporate trade secrets, nonpublic research and development data, pricing formulas, prospective inventory management programs, confidential business information not generally known to the general public, and customer-related information.   Qualified recipients of documents marked "ATTORNEYS' EYES ONLY" shall include only the following:  In-house counsel and law firms for each party and the secretarial, clerical and paralegal staff of each.

18.     Nothing in this Order is intended to prevent any Party from raising with the Court any concern that the non-disclosure of certain Protected Material may have a possible adverse effect upon the general public health or safety, or the administration or operation of government or public office.

19.     Nothing is this Order abridges the right of any person to seek its modification by the Court in the future.

20.     By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of

12.

1    the material covered by this Protective Order.

2           21.     This Order is entered based on the representations and agreements of the Parties and

3    for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial

4    determination that any specific document or item of information designated as CONFIDENTIAL by

5    counsel is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or

6    otherwise until such time as a document-specific ruling shall have been made.

7           22.     Nothing in this Order shall be construed as an admission as to the relevance,

8    authenticity, foundation or admissibility of any document, material, transcript, or other information.

9           23.     Nothing in the Protective Order shall be deemed to preclude any party from seeking

10   and obtaining, on an appropriate showing, a modification of this Order.

11          24.     Once executed by all parties, the Stipulation shall be by treated by the Parties as an

12   Order of Court until it is formally approved by the Court.

13          **IT IS SO STIPULATED.**

14

15   Dated:  January 29, 2015                     Dated:  January 29, 2015

16   Respectfully submitted,                      Respectfully submitted,

17

18   /s/ Margaret A. McLetchie, Esq.               /s/ Jamie Chu, Esq.
     MARGARET A. MCLETCHIE, ESQ.                   ROGER L. GRANDGENETT II, ESQ.
19   LANGFORD MCLETCHIE LLC                        JAMIE CHU, ESQ.
                                                   LITTLER MENDELSON, P.C.
20   Attorneys for Plaintiff
     LIDIA G. JABLONSKI                            Attorneys for Defendant
21                                                 WAL-MART STORES, INC.

22          **IT IS SO ORDERED.**

23                                       Dated this 30th day of January, 2015.

24

25

26   _____
                                         UNITED STATES MAGISTRATE JUDGE
27

28
                                                   13.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT  A**

**CERTIFICATION BY COUNSEL OF DESIGNATION OF INFORMATION AS CONFIDENTIAL**

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LIDIA G. JABLONSKI, an individual,<br><br>    Plaintiff,<br>    vs.<br><br>WAL-MART STORES, INC., a Delaware corporation,<br><br>    Defendant. | **Case. No.: 2:13-cv-01510-JAD-VCF**<br><br>**CERTIFICATION BY COUNSEL OF DESIGNATION OF INFORMATION AS CONFIDENTIAL** |

        Documents produced herewith, whose Bates numbers have been listed on the attached Confidentiality Log, have been marked as CONFIDENTIAL subject to the Confidentiality Order entered in this action which Order is dated _____, 2015.


_____
Date

_____
Signature of Counsel

_____
Printed Name of Counsel

15.

1

**[PARTY]'s LOG OF CONFIDENTIAL DESIGNATIONS**

2

| Date of Production | Bates Number or Other Identifier | Specific Description of Documents or Information | Authority/Basis for Designation |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

16.

1

**<u>EXHIBIT B</u>**

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2

**ACKNOWLEDGMENT OF UNDERSTANDING
AND AGREEMENT TO BE BOUND**

3
4

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

5

LIDIA G. JABLONSKI, an individual,

6

Plaintiff,

7

vs.

8

WAL-MART STORES, INC., a Delaware corporation,

9

10

Defendant.

11

**Case. No.: 2:13-cv-01510-JAD-VCF**

**ACKNOWLEDGMENT OF
UNDERSTANDING
AND AGREEMENT TO BE
BOUND**

12

13    The undersigned hereby acknowledges that he or she has read the Confidentiality Order

14  dated _____, 2015, in the above-captioned action, understands the terms thereof, and

15  agrees to be bound by such terms.  The undersigned submits to the jurisdiction of the United States

16  District Court for the District of Nevada in matter relating to the Confidentiality Order and

17  understands that the terms of said Order obligate him/her to use discovery materials designated

18  CONFIDENTIAL solely for the purposes of the above-captioned action, and not to disclose any

19  such Protected Material to any person, firm, and/or entity.

20    The undersigned acknowledges that violation of the Stipulated Confidentiality Order may

21  result in penalties for contempt of court.

22    Name: _____
23    Job Title: _____
      Employer: _____
24    Business Address: _____
25    _____
26
27  _____          _____
    Date                            Signature
28

18.